1            E X C E R P T

2              * * * * * * * *

3        THE COURT:  All right.

4      I am denying the motion for a preliminary injunction.

5   I find that there is no likelihood of success on the merits

6   on the part of the plaintiff Trustivo.  I am convinced that

7   the January 5, 2016 agreement, as a matter of fact,

8   superseded the relevant portions of the parties' prior

9   contract.  The January agreement expired by its own terms on

10  May 31, 2016, given the inability of the parties to come to

11  a new agreement extending service beyond May 31.

12      Unlike plaintiff, I find that there was adequate

13  consideration, found in MMI's agreement -- to accept a

14  liquidated sum of five dollars for the servicing of each

15  call -- as a substitute for the cataloging of all the costs

16  that MMI alleges it incurred in providing the call service

17  to Trustivo.

18      I see no relevance in MMI's sources of income.  MMI may

19  be charitable in its origin, but I do not see anything that

20  imposes an obligation on MMI as a charitable institution to

21  provide services in perpetuity at no charge to startup

22  for-profit companies like Trustivo.  If anything, I think

23  Trustivo, through this lawsuit, is attempting to shift the

24  costs of a failing business model to a more wealthy former

25  partner in an attempt to salvage its business.

1    With respect to the motion for a contempt finding, I am

2    going to deny it for two reasons.  The first is that

3    plaintiff has not come before the court with clean hands.

4    Judge Gorton's order, and I have the transcript in front of

5    me, clearly reads, "I am going to require the Plaintiff to

6    increase the posted bond to $15,000.  As soon as that bond

7    is posted, presumably today, the restraining order will be

8    continued from now until [Judge Stearns hears the case]."

9    Tr. June 24, 2016, at 31.

10    The bond was never posted.  The restraining order,

11    therefore, expired on the 24th; or, giving the most

12    chartable reading of Judge Gorton's language, by the first

13    business day following the 24th.

14    There is a second reason that I am going to deny the

15    contempt motion.  The law is clear in the First Circuit that

16    an order of civil contempt must be established by clear and

17    convincing evidence, and that the underlying order must be

18    clear and unambiguous in its terms, Gemco Latinoamerica,

19    Inc. v. Seiko Time Corp., 61 F.3d 94, 98 (1st Cir. 1995).

20    There is nothing in Judge Gorton's order that required

21    strict adherence to the practice of forwarding reporting

22    forms, as had become the practice, giving notice to Trustivo

23    of the calls that had been taken on Trustivo's behalf by

24    MMI.  Rather, Judge Gorton ordered that there be no

25    reduction in overall service, Tr. June 24, 2016, at 32, and

1    there were none.  And, frankly, even if such adherence had

2    been decreed, the two calls at issue would not amount to a

3    material disobedience of the order.

4         I have given you my view of the non-compete clause.  I

5    think it is binding, and MMI would be well advised to

6    observe my interpretation, which I think Ms. Berman agrees

7    with, to the extent that the non-compete clause bars MMI

8    from soliciting existing customers of Trustivo, at least

9    until and unless an arbitrator says differently.  But right

10   now that is not a decision for me to make.  That is a

11   decision for the arbitrator, as the parties agreed in the

12   surviving portion of the underlying agreement.

13        So this will be entered (with editing and citations) as

14   my ruling on the preliminary injunction.

15        Thank you.  We will be in recess.

16

17

18

19

20

21

22

23

24

25